# RISMAN & RISMAN, P.C.

ATTORNEYS AT LAW
233 BROADWAY, SUITE 2707
NEW YORK, NEW YORK 10279
(212) 233-6400
www.risman-law.com

March 11, 2026

**Via ECF**
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:  <u>Kathleen Violette v. STX Commodities, LLC and STX Group B.V.</u>
                     (1:25-cv-10210-JPC)

Dear Judge Cronan,

      This firm represents Plaintiff Kathleen Violette in the above-referenced matter. Plaintiff respectfully submits this letter in response to the Court's March 11, 2026 Order regarding service of the Summons and Complaint on Defendant STX Group B.V.

      Defendant STX Group B.V. is a foreign corporation organized under the laws of the Netherlands. *See* Complaint ¶ 28, ECF No. 1; Electronic Summons Issued as to STX Group B.V., ECF No. 5. Plaintiff is therefore effectuating service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), as authorized by Federal Rules of Civil Procedure 4(h)(2) and 4(f)(1).

      Plaintiff transmitted the required materials to a process server to effect Hague Convention service on December 17, 2025. The process server transmitted the documents to the appropriate authority in the Netherlands on or about December 22, 2025. Service through the Hague Convention requires processing by the designated Central Authority in the receiving state and often takes months to complete.

      To date, Plaintiff has not yet received confirmation from the Dutch Central Authority that service has been effected on STX Group B.V. Plaintiff understands that the ninety-day service period set forth in Federal Rule of Civil Procedure 4(m) does not apply where service is being effectuated in a foreign country under Rules 4(f) and 4(h)(2). *See* Fed. R. Civ. P. 4(m). To the extent the Court nonetheless considers whether good cause exists, Plaintiff respectfully submits that the delay satisfies that standard as well; any failure to complete service within ninety days is attributable solely to the processing time required by the Dutch Central Authority, which constitutes exceptional circumstances beyond Plaintiff's control. *See Deptula v. Rosen*, 558 F.

Supp. 3d 73, 85 (S.D.N.Y. 2021) (holding that good cause under Fed. R. Civ. P. 4(m) exists where, despite diligent attempts, timely service was not made due to exceptional circumstances beyond Plaintiff's control).

  Plaintiff will promptly notify the Court and file proof of service once confirmation of service is received.

              Respectfully submitted,

              **RISMAN & RISMAN, P.C.**

              *Shannon Barry*
              Shannon Barry, Esq.
              Jeffrey Risman, Esq.
              233 Broadway, Suite 2707
              New York, New York 10279
              (212) 233-6400
              *Attorneys for Plaintiff*