

**Littler Mendelson, P.C.**
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510

Mathew W. Beckwith
203.974.8705 direct
203.974.8700 main
mbeckwith@littler.com

May 22, 2026

**VIA ECF AND EMAIL AT CronanNYSDChambers@nysd.uscourts.gov.**
Hon. John P. Cronan
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007-1312

Re:    ***Kathleen Violette v. STX Commodities LLC, et al.,***
       **Case No. 1:25-cv-10210-JPC**

Dear Judge Cronan:

We represent Defendants in the above-referenced matter. We write pursuant to Section 6(A) of Your Honor's Individual Rules of Practice to advise that Defendant STX Group B.V. intends to file a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because STX Group B.V., a dissolved corporation, lacks the capacity to be sued pursuant to Dutch Law.

Rule 17(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." *See Stone v. Gibson Refrigerator Sales Corp.,* 366 F.Supp. 733, 734 (E.D.Pa.1973); *see also Onan Corp. v. Indus. Steel Corp.*, 770 F. Supp. 490, 493 (D. Minn. 1989), *aff'd*, 909 F.2d 511 (8th Cir. 1990) (Holding "Fed.R.Civ.P. 17(b), which governs an entity's capacity to sue or be sued in federal court, provides that '[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.'").

STX Group B.V. is a Dutch company organized under the laws of the Netherlands. On March 19, 2024, STX Group B.V. was dissolved and on April 9, 2024 deregistered from the Dutch trade register. Under Dutch law, once the corporation has been dissolved the corporation ceases to exist and cannot be a party to a legal proceeding, unless its liquidation is reopened pursuant to Article 2:23c of the Dutch Civil Code.[1]

---

[1] Article 2:23c(1) of the Dutch Civil Code provides:

"If, after the legal person has ceased to exist, a creditor or entitled person presents himself with an entitlement to the surplus or there appear to be other assets (benefits) after all, then the District Court may, upon the request of an interested person, reopen the winding up and, if necessary, appoint a liquidator. In that event the legal person shall

May 22, 2026
Page 2


As STX Group B.V. has been dissolved it no longer has capacity to be sued under Dutch law, and the complaint must be dismissed. *See Gilkes v. Resorts*, No. 24-CV-06714 (NCM) (LKE), 2026 WL 804022, at *3 (E.D.N.Y. Feb. 2, 2026), *report and recommendation adopted sub nom. Gilkes v. Diamond Resorts*, No. 24-CV-06714 (NCM) (LKE), 2026 WL 803076 (E.D.N.Y. Mar. 23, 2026) (Granting Defendant's motion to dismiss because Defendant no longer existed as a corporation following a merger and thus lacked the capacity to be sued under New York Law); *See also Onan Corp. v. Indus. Steel Corp.*, 770 F. Supp. 490, 494 (D. Minn. 1989), *aff'd*, 909 F.2d 511 (8th Cir. 1990) (Granting Defendant's motion to dismiss because under Minnesota law the defendant ceased to exist and did not have capacity to be sued); *Showers v. Cassiar Asbestos Corp.*, 574 F. Supp. 322, 324 (E.D. Pa. 1983) (Granting Defendant's motion to dismiss because pursuant to Illinois law a dissolved corporation lacked capacity to be sued.).

STX Group B.V. proposes the following briefing schedule:

- STX Group B.V. to file its motion to dismiss by June 15. 2026;
- Plaintiff to file any opposition brief by July 15, 2026;
- STX Group B.V. to file any reply brief by July 29, 2026.

Thank you,


*/s/ Mathew W. Beckwith*

Mathew W. Beckwith

cc:    Shannon Barry, Esq.
       Jeffrey Risman, Esq.

---

come to existence again, but exclusively for the completion of the reopened winding up. The liquidator has the power to claim back from each entitled person what he has received too much out of the surplus.