# RISMAN & RISMAN, P.C.

ATTORNEYS AT LAW
233 BROADWAY, SUITE 2707
NEW YORK, NEW YORK 10279
(212) 233-6400
www.risman-law.com


September 1, 2026

**Via ECF**
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Kathleen Violette v. STX Commodities, LLC, et al.
(1:25-cv-10210-JPC)

Dear Judge Cronan,

This firm represents Plaintiff Kathleen Violette in the above-referenced matter. Plaintiff respectfully submits this letter in response to the Court's September 1, 2026 Order regarding service of the Summons and Amended Complaint on Defendants STX Commodities B.V., STX Commodities Holding B.V., and STX Holding B.V.

Defendants STX Commodities B.V., STX Commodities Holding B.V., and STX Holding B.V. are each a foreign corporation organized under the laws of the Netherlands. *See* First Amended Complaint ¶¶ 30, 37, 45, ECF No. 27; Electronic Summons Issued as to STX Commodities B.V., ECF No. 32; Electronic Summons Issued as to STX Commodities Holding B.V., ECF No. 33; Electronic Summons Issued as to STX Holding B.V., ECF No. 34. Plaintiff is therefore effectuating service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), as authorized by Federal Rules of Civil Procedure 4(h)(2) and 4(f)(1).

Plaintiff transmitted the required materials to a process server to effect Hague Convention service on June 18, 2026. Upon information and belief, the process server transmitted the documents to the appropriate authority in the Netherlands on or about June 30, 2026. Service through the Hague Convention requires processing by the designated Central Authority in the receiving state and often takes months to complete.

To date, Plaintiff has not yet received confirmation from the Dutch Central Authority that service has been effected on STX Commodities B.V., STX Commodities Holding B.V., or STX Holding B.V. Plaintiff understands that the ninety-day service period set forth in Federal Rule of Civil Procedure 4(m) does not apply where service is being effectuated in a foreign country under

Rules 4(f) and 4(h)(2). *See* Fed. R. Civ. P. 4(m). To the extent the Court nonetheless considers whether good cause exists, Plaintiff respectfully submits that the delay satisfies that standard as well; any failure to complete service within ninety days is attributable solely to the processing time required by the Dutch Central Authority, which constitutes exceptional circumstances beyond Plaintiff's control. *See Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (holding that good cause under Fed. R. Civ. P. 4(m) exists where, despite diligent attempts, timely service was not made due to exceptional circumstances beyond Plaintiff's control).

Plaintiff will promptly notify the Court and file proof of service once confirmation of service is received.

Respectfully submitted,

**RISMAN & RISMAN, P.C.**

*Shannon Barry*

Shannon Barry, Esq.
Jeffrey Risman, Esq.
233 Broadway, Suite 2707
New York, New York 10279
(212) 233-6400
*Attorneys for Plaintiff*