UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

KATHLEEN VIOLETTE,

Plaintiff,

-against-

STX COMMODITIES, LLC, STX COMMODITIES B.V., STX COMMODITIES HOLDING B.V., and STX HOLDING B.V.,

Defendants.
--------------------------------------------------------------x

Case No. 1:25-cv-10210 (JPC)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Kathleen Violette ("Plaintiff") and Defendant STX Commodities, LLC ("STX" or "Defendant," and together with Plaintiff, the "Parties" and each a "Party") anticipate that discovery in this action will require the production of documents and information that are confidential, including personnel records, non-public business information, and Plaintiff's medical and mental health records;

WHEREAS, the Protective Order attached as Exhibit B to the Third Amended Standing Administrative Order, No. 11-mc-00003 (ECF No. 13) (the "Standing Protective Order"), applies only to documents and information exchanged under the Discovery Protocols for Counseled Employment Cases;

WHEREAS, the Civil Case Management Plan and Scheduling Order (ECF No. 39) directs the Parties to submit a proposed confidentiality order; and

WHEREAS, the Parties have agreed to the following terms, and the Court finds that good cause exists for their entry as an order under Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED that any person subject to this Order, including the Parties, their counsel, and all persons who receive Confidential Discovery Material under this Order, shall comply with the following terms:

**Scope**

1. This Order governs all documents, electronically stored information, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, and other information produced or disclosed in this action, whether formally or informally, by any Party or non-party ("Discovery Material"). It also governs the documents and information the Parties exchanged under the Discovery Protocols. Any material designated "CONFIDENTIAL" under the Standing Protective Order shall be treated as Confidential Discovery Material under this Order, and to the extent this Order conflicts with the Standing Protective Order, this Order controls.

**Confidential Discovery Material**

2. A Party or non-party producing Discovery Material (the "Producing Party") may designate as "CONFIDENTIAL" any portion of Discovery Material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information, including revenue, profitability, compensation structures, and budgets;

(b) previously non-disclosed business plans, strategies, or other proprietary or commercially sensitive information;

(c) personnel files, compensation, performance, disciplinary, and other employment records, and personal identifying information, of current or former employees who are not parties to this action;

(d) medical, mental health, psychiatric, psychological, counseling, and pharmacy records and information of any person ("Confidential Health Information");

(e) tax returns, bank records, and other personal financial information of any individual; or

(f) any other category of information the Court later designates as confidential.

Information that is publicly available, or that the receiving Party lawfully possessed or obtained independently of discovery in this action, shall not be designated Confidential.

**Manner of Designation**

3. Plaintiff's Confidential Health Information, including material obtained by Defendant directly from any medical, mental health, psychiatric, psychological, counseling, or pharmacy provider pursuant to a HIPAA Authorization executed by Plaintiff or a subpoena, are designated confidential by reason of this Order, even if not marked "CONFIDENTIAL" in the manner prescribed herein.

4. Notwithstanding the foregoing, a Producing Party shall designate documents by stamping or otherwise clearly marking each page "CONFIDENTIAL" in a manner that does not interfere with legibility. Electronically stored information produced in native format may be designated in the file name or on a slip sheet. Where only part of a document is confidential, the Producing Party shall, where reasonably practicable, also produce a version with the confidential portions redacted for possible public use.

5. A Party may designate deposition testimony and exhibits as Confidential either on the record during the deposition or by written notice to all counsel, identifying the designated pages and lines, within thirty (30) days after the final transcript is received. Until that period expires, the entire transcript and its exhibits shall be treated as Confidential.

6. The inadvertent failure to designate Discovery Material as Confidential does not waive the right to designate it. A Producing Party may correct the failure by written notice, and from receipt of that notice the receiving Party shall treat the material as Confidential and shall make reasonable efforts to retrieve it from any person not authorized to receive it under this Order.

**Persons Who May Receive Confidential Discovery Material**

7. Except as provided in Paragraph 9, Confidential Discovery Material may be disclosed only to:

(a) the Parties, including Plaintiff and those officers, directors, and employees of Defendant to whom disclosure is reasonably necessary for the prosecution or defense of this action;

(b) counsel of record for the Parties, in-house counsel for Defendant, and the attorneys, paralegals, and staff working under their supervision on this action;

(c) outside vendors retained by counsel for copying, document management, electronic discovery, translation, or graphics services in connection with this action;

(d) any mediator or settlement officer, and supporting personnel, mutually agreed upon by the Parties or appointed by the Court;

(e) any person the document or information identifies as an author, addressee, or recipient, or who already knows the information;

(f) any witness whom counsel in good faith believes may be called to testify at a deposition, hearing, or trial in this action, provided that the witness has first signed the Non-Disclosure Agreement attached as Exhibit A and does not retain copies;

(g) any person retained by a Party or its counsel to serve as an expert witness or consultant in this action, provided that the person has first signed the Non-Disclosure Agreement attached as Exhibit A;

(h) stenographers and videographers engaged to transcribe or record depositions in this action;

(i) any insurer that may be liable to satisfy all or part of a judgment in this action, and its counsel; and

(j) the Court and its staff, and any appellate court and its staff.

8. Counsel disclosing Confidential Discovery Material to any person described in Paragraph 7(f) or 7(g) shall first obtain that person's signed Exhibit A, shall retain it, and shall produce it to opposing counsel on request, except that the identity of a consulting expert who is not expected to testify need not be disclosed absent order of the Court.

9. **Confidential Health Information and Personal Financial Information.** Confidential Health Information, and Discovery Material designated under Paragraph 2(e) (together, "Sensitive Personal Information"), may be disclosed only to the persons described in Paragraph 7(b) through 7(j) and to no more than two (2) officers or employees of Defendant whose assistance is reasonably necessary to the defense of this action and who have first signed Exhibit A. Sensitive Personal Information concerning any individual may always be disclosed to that individual. Absent Plaintiff's written consent or order of the Court, Sensitive Personal Information concerning Plaintiff shall not be disclosed to any individual identified in the First Amended Complaint (ECF No. 27) as having engaged in the conduct alleged in it. Sensitive Personal Information shall be used solely for this action and shall be returned or destroyed as provided in Paragraph 20. Nothing in this Order authorizes any Party to obtain Plaintiff's Confidential Health

Information from a health care provider except by Plaintiff's written authorization, by a subpoena served with notice to all Parties under Rule 45(a)(4) of the Federal Rules of Civil Procedure, or by further order of the Court.

**Use of Confidential Discovery Material**

10. Confidential Discovery Material shall be used solely for the prosecution, defense, appeal, or settlement of this action, and for no other purpose. Nothing in this Order restricts a Party's use or disclosure of its own Confidential Discovery Material, or of information it obtained independently of discovery in this action.

**Challenges to Designations**

11. A Party may challenge a designation at any time by written notice identifying the material and the basis for the challenge. Counsel shall meet and confer in good faith, by telephone or in person, within seven (7) days of the notice. If the dispute is not resolved, the challenging Party may raise it with the Court in accordance with Rule 5.C of the Court's Individual Rules and Practices in Civil Cases. The Producing Party bears the burden of establishing that the designation is proper. The material shall be treated as designated until the Court rules.

**Filing Confidential Discovery Material**

12. This Order does not authorize the filing of any document under seal or in redacted form. A Party seeking to file Confidential Discovery Material under seal or in redacted form shall comply with Rule 4 of the Court's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. ECF Rules and Instructions. The Parties acknowledge that a designation under this Order is not, by itself, a sufficient basis to seal or redact a judicial document. A Party intending to file Confidential Discovery Material designated by another Party

or non-party shall, where reasonably practicable, give the designating Party at least three (3) business days' notice so that it may seek appropriate relief. Nothing in this Order limits the redactions permitted by Rule 5.2 of the Federal Rules of Civil Procedure.

13. This Order does not govern the use of Confidential Discovery Material at trial or at any evidentiary hearing. The Parties shall meet and confer and raise any such issue with the Court in advance of the trial or hearing.

**Privileged Material**

14. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production or disclosure in this action of any document or information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection, whether inadvertent or otherwise, shall not waive that privilege or protection in this action or in any other federal or state proceeding. This Paragraph does not apply to material that a Party affirmatively uses or relies upon in this action, and does not limit any argument that a Party has waived a privilege or protection by placing the subject matter at issue, including by relying on any internal investigation as a defense.

15. Upon written notice from a Producing Party that privileged or protected material has been produced, the receiving Party shall, within five (5) business days, return, sequester, or destroy the material and all copies, shall not use or disclose it until the claim is resolved, and shall certify its compliance in writing. The receiving Party may challenge the claim in accordance with Rule 5.C of the Court's Individual Rules, but may not assert the fact or circumstances of the production as a ground for the challenge. The Producing Party shall provide a privilege log for the material within ten (10) business days of its notice.

**Subpoenas and Unauthorized Disclosure**

16. If a person receives a subpoena or other compulsory process seeking Confidential Discovery Material designated by another, that person shall give written notice to the designating Party within five (5) business days of receipt, and before any production, so that the designating Party may seek protection. Nothing in this Order requires a person to violate a court order or other legal obligation.

17. If Confidential Discovery Material is disclosed to any person not authorized to receive it under this Order, the Party responsible for the disclosure shall promptly notify the designating Party, make every reasonable effort to retrieve the material, inform the recipient of this Order, and request that the recipient sign Exhibit A.

**Non-Parties and Additional Parties**

18. A non-party producing Discovery Material in this action may designate it under this Order and shall have the same rights and obligations as a Producing Party.

19. Any Defendant that appears in this action after the entry of this Order, including STX Commodities B.V., STX Commodities Holding B.V., or STX Holding B.V., may become bound by and entitled to the protections of this Order by filing a notice so stating. Until it does so, it shall not receive Confidential Discovery Material produced by another Party.

**Conclusion of the Action**

20. Within sixty (60) days after the final disposition of this action, including all appeals, each Party and every person who received Confidential Discovery Material shall return it to the Producing Party or destroy it, including all copies, and counsel shall certify compliance in writing. Counsel may retain archival copies of pleadings, motion papers, transcripts, expert reports,

correspondence, and attorney work product, which shall remain subject to this Order, except that Sensitive Personal Information shall be returned or destroyed other than as it appears in documents filed with the Court.

21. This Order survives the termination of this action. The Court retains jurisdiction over all persons subject to this Order to the extent necessary to enforce its terms and to remedy any violation.

**General Provisions**

22. Nothing in this Order constitutes an admission that any Discovery Material is relevant or admissible, waives any objection to discovery, or prevents any Party from seeking further protection or modification of this Order for good cause. This Order may be modified only by order of the Court.

23. The Parties agree to be bound by the terms of this Stipulation upon its execution by counsel, pending its entry by the Court, and any violation of its terms before entry shall be subject to the same sanctions as a violation of the Order once entered.

SO STIPULATED AND AGREED.

**RISMAN & RISMAN, P.C.**

By: /s Shannon Barry
Jeffrey Risman, Esq.
Shannon Barry, Esq.
233 Broadway, Suite 2707
New York, New York 10279
(212) 233-6400
jrisman@risman-law.com
sbarry@risman-law.com
*Attorneys for Plaintiff*

Dated: October 20, 2026

**LITTLER MENDELSON, P.C.**

By: /s Mathew W. Beckwith
Mathew W. Beckwith, Esq.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
(203) 974-8700
mbeckwith@littler.com
*Attorneys for Defendant*
*STX Commodities, LLC*

Dated: October 20, 2026

SO ORDERED.

Dated: October 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

KATHLEEN VIOLETTE,

Plaintiff,

-against-

STX COMMODITIES, LLC, STX COMMODITIES B.V., STX COMMODITIES HOLDING B.V., and STX HOLDING B.V.,

Defendants.

-------------------------------------------------------------x

Case No. 1:25-cv-10210 (JPC)

**NON-DISCLOSURE AGREEMENT**

I, ______________________________, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in this action. I agree that I will not disclose any Confidential Discovery Material produced in this action to anyone other than as permitted by the Order, and that I will use it solely for purposes of this action. At the conclusion of this action, I will return all Confidential Discovery Material to the party or attorney from whom I received it, or destroy it. By signing this Agreement, I submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order, and I understand that violating it may subject me to punishment for contempt of Court.

Dated: ____________________

______________________________
Signature

______________________________
Printed Name