**Littler Mendelson, P.C.**
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510

Mathew W. Beckwith
203.974.8705 direct
203.974.8700 main
mbeckwith@littler.com

October 28, 2026

**VIA ECF AND EMAIL AT CronanNYSDChambers@nysd.uscourts.gov.**
Hon. John P. Cronan
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007-1312

Re: ***Kathleen Violette v. STX Commodities LLC, et al.,***
**Case No. 1:25-cv-10210-JPC**

Dear Judge Cronan:

My firm has been retained to represent Defendants STX Commodities B.V., STX Commodities Holding B.V. and STX Holding B.V. ("Defendants"), appearing for the limited purpose of contesting this Court's jurisdiction. We write pursuant to Section 6(A) of Your Honor's Individual Rules of Practice to advise that Defendants intends to file a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) because Defendants are Dutch corporations that have no contacts with the State of New York.

Plaintiffs' claims against Defendants should be dismissed because Plaintiff has not satisfied her burden of proving that this Court can properly assert personal jurisdiction over Defendants. New York's general jurisdiction statute "permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir 1990). A corporation is "doing business" in New York "if it does business not occasionally or casually, but with a fair measure of permanence and continuity." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985). The standard for general jurisdiction in New York "is a stringent one because a corporation which is amenable to the Court's general jurisdiction may be sued in New York on causes of action wholly unrelated to acts done in New York." *Jacobs v. Felix Block Erben Verlag Fur Buhne Film Und Funk KG*, 160 F.Supp.2d 722, 731 (S.D.N.Y. 2001).

Here, Plaintiff has failed to properly allege any contacts between Defendants and New York, let alone such "continuous and systematic" contacts that would subject Defendants general jurisdiction. Because Defendants do not meet any of the traditional indicia for general jurisdiction, it cannot be deemed to be "doing business" in New York.

Furthermore, Defendants are not doing business" in New York through a subsidiary. The mere presence of that entity or the mere existence of a parent-subsidiary relationship is insufficient to confer jurisdiction over the foreign parent. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1988); *Tsegaye v. Impol Aluminum Corp.*, No. 01 Civ. 5943, 2003 WL 221743 at *4 (S.D.N.Y. Jan. 30, 2003). Instead, personal jurisdiction may only be asserted where: (1) the domestic subsidiary is a "mere department" of the foreign corporation; or (2) the domestic subsidiary acts as an "agent" of the foreign corporation. *Jazini*, 148 F.3d at 184-86; *Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, No. 97 Civ. 2262(MBM), 98 Civ. 9186(MBM), 2000 WL 284222, at *3 (S.D.N.Y. Mar. 16, 2000) (citing *Insight Data Corp. v. First Bank Sys., Inc.*, No. 97 Civ. 4896, 1998 WL 146689, at*5 (S.D.N.Y. Mar. 25, 1998)).

A subsidiary will be considered a "mere department" of the parent only where the parent's control of the subsidiary's day-to-day operations is "pervasive enough that the corporate separation is more formal than real." *See In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 230 F.Supp. 2d 403, 410 (S.D.N.Y. 2002); *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1529 n.5 (S.D.N.Y. 1985). Here, an application of these factors used to determine the relationship between Defendants and STX Commodities, LLC makes clear that the separation between Defendants and STX Commodities, LLC is both formal and real. Thus, STX Commodities, LLC cannot be considered a "mere department" of Defendants.

Furthermore, STX Commodities, LLC is not an "agent" of Defendants. To establish that a subsidiary is an "agent" of a foreign parent, the plaintiff must show that the subsidiary "does all the business which [the foreign parent corporation] could do were it here by its own officials." *Jazini*, 148 F.3d at 184 (quoting *Frummer v. Hilton Hotels Int'l, Inc.*, 281 N.Y.S.2d 41 (N.Y. 1967)). Indeed, "[A]n agency relationship exists where the alleged agent engage[s] in purposeful activities in this State ... for the benefit of and with knowledge and consent of the alleged principal, and the principal exercised some control over the agent." Drucker Cornell, 2000 WL 284222, at *3 (quoting *Insight Data Corp.*, 1998 WL 146689, at *5). The Second Circuit has recognized that such a relationship does not exist where the two entities are "truly separate," as they are here. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 199 (2nd Cir. 1990). Defendants and STX Commodities LLC are distinct entities that are "truly separate." Therefore, STX Commodities LLC may not be considered Defendants' "agent" for purposes of personal jurisdiction.

In addition, any exercise of jurisdiction over the Defendants would violate due process. Under well-recognized federal due process principles, Plaintiffs must demonstrate that Defendants have sufficient "minimum contacts" with New York State to justify this Court's exercise of personal jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir 1996). Because Plaintiff is asserting general jurisdiction, this Court must "impose a more stringent minimum contacts test, requiring the [Plaintiff] to demonstrate [Defendants] continuous and systematic general business contacts" with the State of New York. *Metropolitan Life*, 84 F.3d at 568.

Here, Plaintiff has failed to properly allege any contacts between Defendants and New York, let alone such "continuous and systematic" contacts that would subject Defendants general jurisdiction. The reason for this is because Defendants simply have no contacts with New York and have made no effort to serve the New York market, which precludes a finding that it would reasonably expect to be hauled into a New York court. *See Shen v. Japan Airlines*, 918 F.Supp. 686, 691 (S.D.N.Y. 1994); *Gibbs v. Hawaiian Eugenial Corp*., 581 F.Supp 1269, 1272 (S.D.N.Y. 1984).

Even if Plaintiff's conclusory jurisdictional allegation could somehow satisfy the "stringent minimum contacts test," the second component of the due process inquiry requires Plaintiff to establish that "the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' - that is, [that] it is reasonable under the circumstances of the particular case." *Metropolitan Life*, 84 F.3d at 568 (quoting *Int'l Shoe Co.*, 32 U.S. at 316). Under the Court's "reasonableness" analysis, the factors show that to impose such a burden on Defendants would not comport with the "notions of fair play and substantial justice" and would plainly violate due process.

Finally, any request by Plaintiff for jurisdictional discovery should be denied. Plaintiff is not entitled to conduct a fishing expedition at the expense of a foreign defendant against whom they have failed to plead "legally sufficient allegations of jurisdiction." *Ball*, 902 F.2d at 197. Where the plaintiff fails to make the required prima facie showing of personal jurisdiction, discovery is properly denied. *Id.*; *see also Nasso v. Seagal*, 263 F.Supp 2d 596, 615 n.31 (E.D.N.Y. 2003)

Defendants propose the following briefing schedule:

- Defendants to file their motion to dismiss by December 4, 2026;
- Plaintiff to file any opposition brief by January 8, 2027;
- Defendants to file any reply brief by January 22, 2027.

Thank you,

*/s/ Mathew W. Beckwith*

Mathew W. Beckwith

cc: Shannon Barry, Esq.
Jeffrey Risman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel and pro se parties of records via electronic mail by operation of the Court's electronic filing system, or via first class mail, postage prepaid, to those parties unable to accept electronic filing, including:

Shannon Barry, Esq.
Jeffrey Risman, Esq.
233 Broadway, Suite 2707
New York, NY 10279
sbarry@risman-law.com
jrisman@risman-law.com

*/s/ Mathew W. Beckwith*______
Mathew W. Beckwith