# RISMAN & RISMAN, P.C.

ATTORNEYS AT LAW
233 BROADWAY, Suite 2707
NEW YORK, NEW YORK 10279
(212) 233-6400
www.risman-law.com


October 30, 2026

**VIA ECF AND EMAIL AT CronanNYSDChambers@nysd.uscourts.gov**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Kathleen Violette v. STX Commodities LLC, et al.,**
**Case No. 1:25-cv-10210-JPC**

Dear Judge Cronan:

My firm represents Plaintiff Kathleen Violette. Pursuant to Section 6.A of Your Honor's Individual Rules, we respond to the October 28, 2026 pre-motion letter (ECF No. 43) of Defendants STX Commodities B.V., STX Commodities Holding B.V., and STX Holding B.V. (the "Dutch Defendants") regarding their proposed Rule 12(b)(2) motion. Plaintiff intends to oppose the motion, particularly as to STX Commodities B.V.

*The letter addresses the wrong kind of jurisdiction.* The letter is devoted entirely to general jurisdiction: whether the Dutch Defendants are "doing business" in New York and whether STX Commodities, LLC is their "mere department" or "agent" for that purpose. ECF No. 43 at 1–3; *see id.* at 2 (relying on *Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998), a CPLR 301 case). Plaintiff relies on specific jurisdiction, which turns on the defendant's conduct connected to the claims. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (distinguishing "general or all-purpose jurisdiction" from "specific or conduct-linked jurisdiction"). The letter never mentions CPLR 302(a)(1). Rejecting the same argument by a foreign parent in an employment discrimination case, one court explained that a "mere department" argument "focuses on the scope of general jurisdiction pursuant to section 301, not the propriety of specific jurisdiction pursuant to section 302(a)(1)." *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462, 478 n.10 (E.D.N.Y. 2015).

*Standard.* Before discovery, a plaintiff "may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction," and the Court construes "the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (per curiam) (citations and internal quotation marks omitted). The assertion that Plaintiff must now satisfy a "burden of proving" jurisdiction (ECF No. 43 at 1) misstates that standard.

*Specific jurisdiction under CPLR 302(a)(1).* "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (internal quotation marks omitted). Section 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988). A defendant may act "in person or through an agent," CPLR 302(a), and a plaintiff "need not establish a formal agency relationship." *Kreutter*, 71 N.Y.2d at 467.

The First Amended Complaint ("FAC," ECF No. 27) pleads New York-directed conduct. Ms. Violette worked throughout her employment at STX's office at 11 Times Square. FAC ¶¶ 13, 19. Her indirect supervisor was Werner Schoeman, the Amsterdam-based Global Head of Marketing, FAC ¶¶ 21, 68, who directed and criticized her New York work and told her that "Americans are all complainers" and "Americans are difficult and aggressive." FAC ¶¶ 79, 88–89, 92, 96. The Dutch Defendants are alleged to have exercised "direct supervisory authority over STX Commodities employees," FAC ¶¶ 31, 38, 46–47, to have supervised Ms. Violette and held authority to fire her, FAC ¶¶ 55–58, and to have provided the subsidiary's back office, finance, risk, and legal and compliance functions, FAC ¶¶ 62–65. STX Commodities B.V.'s own audited financial statements, filed with the Dutch Chamber of Commerce, confirm the last point: it "has a Service Level Agreement in place for support functions such as back office, finance, risk, legal and compliance" with STX Commodities, LLC, and it recorded €3,010,978 in income for "support services rendered" to the LLC in the fiscal year ended March 31, 2025, the year Ms. Violette complained and was terminated. STX Commodities B.V., Annual Report 2025/2026, notes 1, 28.2 (KvK No. 34273978) ("2025/26 Report").

STX's own submissions confirm the Dutch side's role. In its April 7, 2025 position statement to the New York State Division of Human Rights, STX Commodities, LLC stated that Ms. Violette reported to Ms. Llopis, "working in the STX office in Madrid, Spain," who reported to Mr. Schoeman "in the STX Amsterdam, Netherlands office." Position Statement, NYSDHR Case No. 10246402, at 2 ("DHR Stmt."). Its exhibits show an HR Business Partner, after speaking with Mr. Schoeman, proposing to discuss "what the best way forward is for our employee Katie" and asking Ms. Luck to join because she was "in the same office." DHR Stmt. Ex. E. They also show that U.S. staffing decisions, including as to the U.S. marketing role Ms. Violette held, were sent to Marijn van Diessen, Martin Straver, Bart Wesselink, and Liesbeth Koomen, *id.* Ex. F, each of whom was then a director of STX Commodities B.V. *See* 2025/26 Report, signature page (van Diessen, Wesselink); KvK Trade Register No. 34273978, director history (Straver, Koomen, through Jan. 15, 2026). STX also interviewed "the Amsterdam HR Representative" in investigating her complaints. DHR Stmt. at 4. Plaintiff is prepared to show by declaration that Mr. Schoeman and Nick Masius, whose "little lady brain" remarks are alleged at FAC ¶ 75, worked in STX's Amsterdam office, where STX Commodities B.V. employed an average of 298 full-time equivalents in fiscal 2024/25. 2025/26 Report, note 23.1.

These facts mirror those that sustained jurisdiction in *Ingenito*, where a foreign parent that "reached into New York to direct" the termination of its subsidiary's New York employee "should

have had fair warning of the possibility of being haled into court in New York." 89 F. Supp. 3d at 478. Due process is likewise satisfied: a corporation "can purposefully avail itself of a forum by directing its agents or distributors to take action there," *Daimler*, 571 U.S. at 135 n.13, and litigating here imposes no unfair burden where the Dutch Defendants' subsidiary is already defending the same claims in this Court. The letter offers only the assertion that the Dutch Defendants "simply have no contacts with New York." ECF No. 43 at 3.

*Amendment and jurisdictional discovery.* If the Court finds the FAC insufficient, Plaintiff respectfully requests leave to amend to plead the facts above and, if needed, limited jurisdictional discovery before any dismissal. Which entity employed the European supervisors, HR personnel, and decision-makers involved is information within Defendants' control, and fact discovery with STX Commodities, LLC is already underway. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003) (per curiam) (dismissal "premature" before discovery on allegations "regarding the relationship between [the foreign parent] and its subsidiary").

*Briefing schedule.* Plaintiff does not object to the proposed briefing schedule, and is prepared to confer with counsel about narrowing the anticipated motion to STX Commodities B.V.

Plaintiff thanks the Court for its consideration.

Respectfully submitted,

/s/ Jeffrey Risman

Jeffrey Risman, Esq.
Shannon Barry, Esq.

*Counsel for Plaintiff*